Filed 2/14/22  In re G.A. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re G.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B307822 (Super. Ct. No. VJ46827) (Los Angeles County) |
| THE PEOPLE,  Plaintiff and Respondent,  v.  G.A.,  Defendant and Appellant. | |

A juvenile court found that G.A. committed simple assault (Pen. Code, § 240)[1] and that the assault was committed in association with a criminal street gang (§ 186.22).  We reverse the gang enhancement.  In all other respects, we affirm.

---

[1] All statutory references are to the Penal Code.

1

FACTS
*Assault*

On February 16, 2020, Anthony Romo and his wife Priscilla Ocedueda were visiting a deceased loved one at the Resurrection Cemetery in Los Angeles.  Romo and his wife went to use the restrooms.  Ocedueda went inside, but Romo waited outside because the men's room was occupied.  Three young men, G.A., Jose, and Jorge, were also outside.  The three young men were members of the Colonia Flores gang.

As Romo was waiting, a verbal confrontation occurred between Romo and the young men.  One of the men asked Romo "if [he] was from anywhere."  The attitude of the men was not friendly.  Romo attempted to deescalate the confrontation by replying he was not from anywhere.  One of the men asked Romo what he was looking at.  Romo said he was not looking at anything.  One of the men hit Romo in the face.  The other two tried to hit him, but he was able to defend himself.

Romo ran to a grass area.  He turned around and heard a gunshot.  He saw one of the men holding a handgun.  Romo was shot in the left front hip.  The men ran to a car and left. Ocedueda called 911.

Police apprehended G.A., Jose, and Jorge near the cemetery.  They brought Ocedueda to the suspects for a field show-up.  She identified the three men as being in a fight with Romo.

The police placed G.A. and Jose in a patrol car with an audio recorder.  A recording of G.A. and Jose talking to each other was played in court:

"[Jose]: … I turned to shoot three times though.  I did a double action.

2

"[G.A.]:  You got him.

["Jose]:  I got him, I know I got him.  I know I got him, nigga, I know that.  I'm not saying that.

"[G.A.]:  I know, I know you didn't til they said it.  You didn't know though, yourself, you didn't know yourself.

"[Jose]:  Fool, fool, he ran [unintelligible].  I shot, shot a double action, dude, it was pop, pop.  It was like fast as fuck."

*Investigation*

G.A., Jose, and Jorge were placed in the same booking room.  Jose asked Detective Derrick Crenshaw what the charges against them were.  Crenshaw said attempted murder.  Jose asked if that would give him good "street cred."  Jose said Romo got what he deserved.  He said Romo was "mad dogging" him and G.A. and that is what started the fight.  G.A. admitted he punched Romo in the face.  Jose admitted he shot at Romo twice.

*Gang Evidence*

The police found Colonia Flores graffiti inside the men's bathroom at the cemetery.

Sheriff's Investigator Frank Quintana testified as a gang expert.  He said that G.A. is an active member in the Colonia Flores gang, as are Jose and Jorge.  In the audio recording from the patrol car, the speaker is giving praise to Colonia Flores for the act of violence.  Gang members build status by committing blatant acts of violence and by challenging others, such as by asking them where they are from.  Based on a hypothetical taken from the evidence, Quintana opined the crimes were committed for the benefit of, in association with, and at the direction of the Colonia Flores gang.

The People introduced evidence of only one predicate offense. William M. was convicted of violating section 245, subdivision (a)(1).

*Defense*

A gang expert testified that the crimes were spontaneous acts and were not committed for the benefit of or in association with a street gang.

DISCUSSION

*Substantial Evidence*

G.A. contends the gang enhancement is not supported by substantial evidence.

At the time of trial, section 186.22, subdivision (d) provided a sentence enhancement for "[a]ny person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of, or in association with, any criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members . . . ." (Stats. 2021, ch. 699, § 3.)

To constitute a "criminal street gang," members of an ongoing organization, association, or group must engage in a "pattern of criminal gang activity." (Former § 186.22, subd. (f).)

Former section 186.22, subdivision (e) provided: "As used in this chapter, 'pattern of criminal gang activity' means the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the following offenses, provided at least one of these offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons."

Violation of section 240 is not listed as a predicate offense. The People proved only one predicate offense at trial. Because section 186.22 requires proof of two predicate offenses, the People concede that the gang enhancement is not supported by substantial evidence and must be reversed.

The People further concede that because the enhancement is not supported by substantial evidence, the double-jeopardy clause of the Fifth Amendment bars retrial. (*People v. Pierce* (1979) 24 Cal.3d 199, 209-210.)

DISPOSITION

The gang enhancement pursuant to section 186.22 is reversed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Kevin L. Brown, John C. Lawson II, Judges

Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.